Cabell, J.
I am of opinion, that it is too late for the appellant to object, that, in the settlement of his guardianship accounts, he has been charged with interest as having been received from Wallace the administrator of John Foreman, when in fact he did not receive it. The account of Wallace's administration had been reformed by the commissioner by introducing rests into it, and charging the administrator with interest on the annual balances, according to the principles of the court, up to the time when the administrator settled with the guardian; and the balance of principal and interest thus ascertained by this reformed statement, was made the basis of the settlement of the guardianship accounts; one third of the balance of principal and interest being charged to the guardian, in the account with each of his wards. There may have been circumstances to justify this course; and as there was no objection made to it on the part of the guardian, we are bound, according to the uniform practice of this court, to presume that it was correct. Moreover, the report of the commissioner on the guardianship accounts, having been excepted to by the wards on other grounds, and some of these exceptions having been sustained by the chancellor, the report was recommitted, to be reformed accordingly. That report was made and returned, accompanied by alternative statements of the guardianship accounts. In these statements, the commissioner’s reformed report of the administration. account, charging interest, was again made the basis of the settlement of the guardianship accounts: yet the guardian *417 again abstained from filing anv exception to this course. * , . f " . \ . It is surely too late to make one in this court.
The chancellor’s decree is in conformity to the first statement of the guardianship accounts. Now the onljr difference between that statement and the second statemeut, is, that in the first no expenditures of the guardian for his wards are allowed, beyond the incomes of their estates in his hands; but in the second, the allowance of his expenditures is regulated by a regard, as well to the incomes of their estates in the hands of the administrator of their father, as to the incomes of their estates in the hands of the guardian. I am clearly of opinion, that the principle of the second statement was correct, and ought to have been adopted by the chancellor; and 1 would now rtwerse the decree, and enter one conformable to the second statement, were it not that the commissioner, in this statement also, acting on a previous direction of the chancellor, has excluded a credit to the guardian for the money which he paid on account of Butts's debt. 1 think he ought to have been credited for it.
Therefore, I am of opinion that the decree should be reversed, and the cause remanded, with directions to enter up a decree according to the last statement of the commissioner, after having allowed the appellant credit with his wards, for their proportion of the money paid by him on account of the debt due to Butts.
Care, and Brooke, J. concurred.